# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DANA TATE**
   **Petitioner,**

  **v.**            **Case No. 08-C-0440**
                **(Criminal Case No. 06-CR-321)**

**UNITED STATES OF AMERICA**
    **Respondent.**

## ORDER

  Petitioner Dana Tate pleaded guilty to possessing a firearm as a felon, and I sentenced him to 180 months in prison as an armed career criminal. 18 U.S.C. §§ 922(g) & 924(e). Petitioner took no appeal but moved to vacate his sentence under 28 U.S.C. § 2255, arguing (1) that his lawyer provided ineffective assistance by failing to challenge (a) the search warrant pursuant to which officers found the firearm and (b) the reasonableness of his sentence; (2) that he was the victim of an illegal search; (3) that his sentence was unreasonably long; and (4) that this prosecution violated his right to bear arms.

  I denied all of petitioner's claims save one on Rule 4 screening and directed the government to respond to the claim of ineffective assistance based on the search warrant. On review of the government's response, I denied that claim too and dismissed the § 2255 action on June 20, 2008.

  On September 2, 2008, petitioner filed a motion for a certificate of appealability ("COA"). Although petitioner has filed no notice of appeal (and it appears that the time for doing so has run), I will nevertheless address petitioner's request. See Fed. R. App. P. 22(b).

## I. COA STANDARD

Before a § 2255 petitioner may take an appeal, the district court must consider whether to grant him a COA pursuant to 28 U.S.C. § 2253(c). A COA may issue only if the applicant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quote marks omitted). Where a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Where the court dismisses a motion based on procedural grounds without reaching the underlying constitutional claims, a COA may "issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

## II. DISCUSSION

In his COA request, petitioner address only the ineffective assistance claim based on counsel's failure to challenge the search warrant. It is unclear whether petitioner is abandoning his other claims, but in any event, for the reasons set forth more fully in the Rule 4 Order, those claims lack any possible merit. Petitioner's 15-year sentence was mandated by statute, so there was little or nothing counsel could do to shorten it. Constitutional or other challenges to

2

sentences under the Armed Career Criminal Act ("ACCA") have gone nowhere. See, e.g., United States v. Hendrix, 509 F.3d 362, 376 (7th Cir. 2007) (finding 262 month sentence for armed career criminal reasonable); United States v. Sanchez, 859 F.2d 483, 486 (7th Cir. 1988) (rejecting contention that 15 year sentence under ACCA is cruel and unusual punishment). Petitioner's illegal search claim failed due to procedural default and the Stone bar on such claims.[1] See Owens v. United States, 387 F.3d 607, 609 (7th Cir. 2004) (citing Stone v. Powell, 428 U.S. 465 (1976)). Finally, in addition to being defaulted, petitioner's Second Amendment claim failed on the merits. See, e.g., District of Columbia v. Heller, 128 S. Ct. 2783, 2816-17 (2008) (stating that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons"); United States v. Price, 328 F.3d 958, 961 (7th Cir. 2003). Jurists of reason would not find my resolution of these claims debatable or wrong.

In denying petitioner's ineffective assistance claim based on the search, I found the warrant application more than sufficient to establish probable cause to search petitioner's residence. The affidavit, prepared by a Milwaukee County Sheriff's Department deputy, indicated that on September 14 and 18, 2006, she and another deputy purchased marijuana from petitioner at petitioner's residence, which later tested positive for marijuana. The deputy further averred that she had purchased marijuana from petitioner on September 6 and 11, and that on September 17 she personally observed petitioner in possession of a firearm, which he could not lawfully possess because he was a convicted felon. I found that based on this information, the Milwaukee County Court Commissioner who issued the warrant reasonably

---

[1] As noted, I considered separately petitioner's ineffective assistance claim based on counsel's failure to challenge the search.

3

concluded that there was a fair probability that drugs, drug paraphernalia and/or weapons would be found in petitioner's residence. At the very least, I found it reasonable under the circumstances for the officers to rely in good faith on the Commissioner's decision to issue the warrant. Finally, I found the warrant itself facially valid. Therefore, because petitioner failed to demonstrate the merit of a motion to suppress based on the search, his counsel did not provide ineffective assistance in failing to file such a motion. See United States v. Cieslowski, 410 F.3d 353, 360 (7th Cir. 2005) ("When the claim of ineffective assistance is based on counsel's failure to present a motion to suppress, we have required that a defendant prove the motion was meritorious."). Jurists of reason would not quarrel with this determination.

In his COA motion, petitioner presents no legal basis for debating the above conclusion. Rather, he adds a new factor to his ineffective assistance/search claim – that on September 6 and 11 he smoked marijuana and had sexual contact with the deputy who later prepared the warrant application. A habeas petitioner may not advance new grounds for relief in a COA request. See, e.g., Rogers v. Artuz, 524 F. Supp. 2d 193, 201-02 (E.D.N.Y. 2007). In any event, even if I accept petitioner's allegations as true and conclude that the deputy misled the Commissioner concerning the September 6 and 11 encounters, the warrant still stands. "A search warrant obtained, in part, with evidence which is tainted can still support a search if the untainted information, considered by itself, establishes probable cause for the warrant to issue." United States v. Gray, 410 F.3d 338, 344 (7th Cir. 2005) (internal quote marks omitted). Here, the warrant includes information about two controlled buys the deputy conducted with an undercover colleague on September 14 and 18. Petitioner raises no issue with those operations, which standing alone provide a reasonable basis for issuance of a warrant. See also United States v. Boyd, 55 F.3d 239, 241 (7th Cir.1995) (holding that outrageous

4

government conduct alone does not entitle a defendant to relief; rather, it must be linked to some other constitutional violation).

### III.  CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's motion for a COA (R. 8) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 4th day of September, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge